The next case for argument is 163175, District of North Dakota, Brandon Keller v. Chad Pringle Mr. McCabe, when you're ready May it please the court and Mr. Mahoney. Good morning. So this is a very difficult procedural case, as the court probably knows. However, there was a certificate of appealability granted in this case because even the federal magistrate felt compelled that there may be some legal solution here. The court's probably also aware of the Chief Justice of the state of North Dakota, who also felt compelled to give a remedy here, but unfortunately was one of five votes. I think that the first significant issue, your honors, is this matter of a prior factual predicate. And I looked for every case I could find on this issue, even though the statute's been around since 2003, well 1996, but the Johnson case has been around since 2003 from the United States Supreme Court. There just aren't still today a lot of cases really delving into this issue of what is a prior factual predicate and how it works. It seems to be the argument here between myself and Mr. Mahoney representing the state that a prior factual predicate has to directly relate to the individual, to the petitioner. And I guess I'm trying to submit to this court that any legal issue that does affect him, even though it doesn't directly affect him in his own particular case, and I acknowledge that, it still is affecting him. Because there's been a decision that one of his crimes that he was convicted, in fact I would argue two of the crimes that he was convicted of, both attempted murder and also conspiracy to commit murder, would not be cognizable crimes. What do you say to the authority that a ruling isn't a fact? I'm sorry, Judge Smith? That a ruling is not a fact. What's your response to that language in the cases? The cases that I've provided you seem to suggest that there may be instances on this prior factual predicate issue that we're talking about where if there's been some significant change in the legal history during his litigation, and he still was in litigation, and there was a significant change. The North Dakota Supreme Court found that in three particular cases that we should not have attempted or conspiracy to commit the reckless version of murder. And I think one thing that's perhaps important to point out here is that he did raise this issue on direct appeal in his briefing. It is acknowledged in the Federal Magistrate's opinion. And I think in the Apolese brief, they by mistake say he never raised it when he did actually raise it. So the North Dakota Supreme Court never really addressed it. And then later in these cases that we are now saying reactivated the factual predicate, they did talk about it. Is that what's required in order for you to avoid the statute of limitations on the Habeas case, is for some way for this to be able to go back and revive his . . . Well, I've thrown out three legal options here for this case that I could find. The first one, of course, is the factual predicate. The next one is equitable tolling. And the third one is the doctrine of, and I can't remember the exact language, the doctrine of constitutional doubt. So between the three of those, I think there's a way to fix this if this court really wants to. What's the proof of diligence here to avoid not having equitable tolling? Well, he did raise the issue within the one year of two of the three cases that the North Dakota Supreme Court came out with. And so by filing his request for post-conviction down in North Dakota in the district court level, then because of the way the statute operates under the federal statute for Habeas, is that that time would then stop. So I would argue and submit to this court that he did timely file once he was made aware of those new cases. Now, you know, he raises the issue on his own direct appeal. The North Dakota Supreme Court ignores him. He then finds out from other cases that, hey, the thing that my counsel argued about actually had merit, even though the North Dakota Supreme Court never addressed it. So then he files his own post-conviction in the state of North Dakota. So it seems to me that, you know, all these cases are analyzing what the Johnson case from the United States Supreme Court said. And it seems that there is some ambiguity as to what exactly the court meant on a couple of issues. And it seems, and even if you read some of these cases talking about Johnson that I've cited to you, they do suggest that the court did leave open some room for what exactly is a factual predicate. On your equitable tolling, you've highlighted the new cases as sort of the starting jumping off point for whether he was diligent. But on the other hand, you've said his own lawyer raised it on direct appeal. So should we be looking, does the equitable tolling go back to the first direct appeal? He's aware of this issue that the Supreme Court doesn't take up until ten years later, but his lawyer knows of it. Is that the point where he should have been diligent and filed a post-conviction at that point? Boy, that's a very good question, Judge Kelly. I don't exactly know the answer. I just, I know from reading the case law on equitable, the equitable remedy, it's a case-by-case basis. And this court seems to have a lot of power under that theory if the court wants to acknowledge it. At least that's what I've gathered in reading. It's a very rare remedy, but it is in fact a remedy. And it just, I don't know, it seems to me when you've got a chief justice saying that somebody should not be convicted of a crime, you've got a federal magistrate that then gets the case on habeas and says, I wish I could grant a remedy, and I think this is a sad case, and then here we are. Give us your best argument on your third option. The third option, the doctrine of constitutional doubt. And I'll be honest, I'd never heard about it until I started doing the research on this case. How could this court give any relief under that theory? Well, again, I didn't get a lot of cases on it, but there is actually, you know, the circuit has addressed it, and also the U.S. Supreme Court has addressed it. And it seems that it requires this court to interpret statute, which I guess we would begin with the North Dakota statute, to avoid grave and doubtful constitutional questions. I know there's a lot of talk as well in this appeal about, and even the federal magistrate talked about the fact that, you know, if a state Supreme Court has issued a ruling simply on a state statute, we have to honor that. However, if that contradicts with due process and equal protection. And how does it hear? Well, I couldn't imagine a worse due process right than being convicted of a crime that doesn't exist. Boy, if that doesn't meet due process grounds, I don't know what does. And even the Chief Justice of the North Dakota Supreme Court said no statute of limitations should bar somebody that's been convicted of a crime that doesn't exist. But the North Dakota Supreme Court said there's sufficient evidence to say he was convicted of the intentional murder prong, not the substantial risk. Is that the prong? How does that play into what we can do? Well, I think, again, taking the position, if you say that's a state decision on state law, it still, I would submit, violates due process. Because even if you just look at the record on its face, and I respectfully would disagree with the other four justices that reviewed this, but you've got a situation where you've got the two different kinds of murder that one can be convicted of in the state of North Dakota under state law. And the jury instruction that set forth the attempted murder on murder was supposed to give the two different versions of what Mr. Keller could be convicted of. And the jury instruction is simply erroneous. Because it gave both options. Yeah, but it doesn't even comply with North Dakota law. So I don't know, I mean, the Chief Justice was able to see that. And I think that the other thing that the Chief Justice hung his hat on, from what I could read, is that that was argued to the jury in closing argument, that they could find him guilty of this alternative murder, which, of course, led him to believe that there may well, in fact, be an illegal conviction here. So I know this is just an absolute hurdle of procedural limitations here, but it just seems to me that there is a way here to fix this. I tried my darndest to look up all the case law that I could find to see if there was a remedy here. Because, you know, obviously it doesn't look good for Mr. Keller standing here today before this court. There's a lot of hurdles. But it does appear that if this court wants to, this court can find a way, either through the prior predicate factual basis, which I would argue does affect him. Not directly, but it does affect him. In his litigation, it had an effect on him. He found out that, hey, the crimes that I was convicted of may not actually be cognizable crimes. The equitable tolling, as Judge Kelly mentions, that could also be a remedy here for this court to apply if the court wanted to. And, again, the final remedy of the constitutional doubt gives yet another, I don't know if it comes from the common law or where it comes from, but it's cited in case law about ways that courts can fix these problems. This shouldn't be a legal trap. Under the equitable tolling, what's the extraordinary circumstance that stood in his way from raising this? Well, okay, so he did raise it, and I understand, Judge Kelly, it depends where we apply this equitable tolling to, but as I understand it, it was raised on direct appeal, but nobody listened to him. The Supreme Court of North Dakota didn't seem to care about the issue. So then I concede it's not raised again until these later cases come out where they acknowledge a new principle. But one thing I think maybe is also important is what I've been arguing to this court is the state of North Dakota did not come up with new law. They just simply recognized what the law should have been. And maybe that's splitting hairs there on the law, but I'm not saying that they actually came up with new law per se. I'm saying they finally told us what the law meant. That extreme indifference was never enough. Yes. So I see I've gone into my three-minute rebuttal, so I'll stop. Thank you, Your Honors. Thank you, Mr. McCabe. Mr. Mahoney? Good morning. May it please the Court, Counsel. I'm Michael Mahoney. I'm an assistant attorney general for the state of North Dakota. The question in this case is whether the lower court was accurate in finding that Keller's petition was time-barred under AEDPA. Equitable tolling should not apply in this case. Keller's petition is obviously time-barred. The lower court found that Keller should have filed his petition by November 2006. He did not file it until November of 2015, some nine years late. They want to argue that the three cases, Dominguez, Borner, and Coppedge, somehow impacted directly what happened to Mr. Keller in the lower court. His counsel did argue at the trial stage that one of these crimes was incognizable. He did argue, or at least presented the case to the North Dakota Supreme Court in Keller 1, that one of the crimes was incognizable. So he was aware of the issue with the statute. I'd argue later that in Keller 2, the North Dakota Supreme Court went through an extreme analysis in laying out why Keller was not convicted of incognizable crimes. They went through a lot of detail to point out that both of the crimes he was convicted of required the element of intent and that the jury could find no other way based on the facts and the laws presented to them. If you're going to get into the actual factual merits, the jury was not asked to determine whether they were deciding the attempted murder on the intentional or, I think I misspoke earlier, the extreme indifference murder. If they're given the option of either or, there's no way of knowing which one they picked. Well, the court would respectfully disagree with you on that. The North Dakota Supreme Court, I would propose, went through an analysis. There was no special verdict form requiring the jury to choose, as you just indicated. But they indicated that based on the jury instructions in the charge, there was no way the jury could have found other than the facts that Keller committed two intentional crimes. And I think their ruling is entitled to deference by this court. It's a state court deciding state law. And the arguments presented today are that those three cases somehow brought to the forefront that Mr. Keller has some new rights. And that's not the status of any of the cases cited by the appellant. I believe I presented all those in my brief. As we already indicated, Keller is not surprised about this. He raised it at the trial court, raised it at the North Dakota Supreme Court, and Keller won. The fact that these three cases were decided some years later has no impact on him. He could have filed his habeas petition back in 2005. He chose not to for whatever reason. And if the court has any questions for me, I'll be glad to ask them. But I believe the time bar is the main hurdle for Keller, and he hasn't reached that at all. Do you have no further questions? No questions. Thank you. I'd ask the court to uphold the lower court and find that Mr. Keller's petition is time barred. Thank you. Mr. McCabe, you're rebuttal. Thank you, Your Honor. Just a couple more points I would like to make to the court. One, it seems that the state is taking the view that, yes, you should have raised this in the habeas, the first go-around. However, with the North Dakota Supreme Court not addressing that issue, even though it was brought up, that would cause a very difficult habeas proceeding, in my opinion, because the federal court would not have anything to look down upon on the state court. But, again, until the North Dakota Supreme Court brought to the forefront this issue and the subsequent three cases, which are now relied upon in this appeal, I submit to the court Mr. Keller simply didn't think he had any case because the North Dakota Supreme Court hadn't said anything about it. The other thing I'd just like to add, and I was just kind of wondering about this myself, but it seems that some of these cases talking about the factual predicate, they're talking about it's something that had to be proven or unproven, and I think there's an assumption there it's always to a jury. But, in fact, as we know, judges, the judge first decides before it goes to the jury whether or not a Rule 29 judgment of acquittal should be granted. So, although some of these cases would say, well, you'd never have that legal issue going to a jury, you would, in fact, have it going to the judge prior to the jury as a Rule 29 judgment of acquittal claim. And certainly had a judge known what the North Dakota Supreme Court was going to say on this, the judge would have granted a Rule 29 judgment of acquittal prior to this being submitted to a jury. Now, I don't know if that opens some further avenues for this issue of prior factual predicate, but to me it is something in his litigation history that is a legal event. And I just ask this Court just to reach out just a little bit and find that this legal event affected him. And if so, then we have a remedy, and we can remand for a remedy. So, thank you kindly, Your Honors. Thank you, Mr. McCabe. The Court notes that you're representing Mr. Keller under the Criminal Justice Act, and we thank you for your willingness. Thank you.